(C. D. 261)

GENERAL DYESTUFF CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 6, 1939)

*Pickrell & McDonald* (*Eugene R. Pickrell* of counsel) for the petitioner.
*Webster J. Oliver*, Assistant Attorney General (*Frank E. Carstarphen* and *Daniel
.I. Auster*, special attorneys), for the respondent.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is a petition for the remission of additional ·duties assessed because of the fact that the final appraised value of the imported merchandise exceeded the value declared in the entry. The ·petition, filed under authority of section 489 of the Tariff Act of 1930, ·prays for the remission of additional duties assessed on an importation ·of coal-tar dye entered at the port of New York under the name of Pilatus Fast Orange RN.

The entry in question was a so-called duress entry upon which the importer had filed three different duress certificates, the last one of which, according to Exhibit 2 in evidence, claimed the dutiable value to have been $1.852 per pound, to which importer added under so-·called duress $0.033 to meet advances made by the appraiser in the test case. Appeal to reappraisement was filed and after the decision in the test case the petitioner herein entered into a stipulation with the Government whereby it was agreed that the dutiable value of the merchandise in question was $2.0253 per pound, upon which value the liquidation was made.

This type of merchandise is dutiable upon the basis of the American ·selling price of a similar competitive article manufactured or produced in the United States, or, if there is no similar competitive article

manufactured or produced in the United States, then upon the basis of the United States value as defined in the statute. The appraiser found it noncompetitive and therefore dutiable on the basis of the United States value.

It is claimed by the petitioner herein that by reason of a clerical error in stipulating the amount which the parties to the reappraisement proceeding agreed was the dutiable value, the importer omitted a deduction of the amount of profit authorized by the statute (sec. 402 (e)), and that, because of the failure so to deduct for profit, he had stipulated erroneously a value that was higher than his entered value of $1.885 per pound. Because of this fact, it is alleged, it was necessary for the collector to assess additional duties. The petitioner claims that he made his entry in good faith and had no intention to deceive or defraud the Government and therefore he ought to be relieved from the additional duties assessed.

On the question of granting relief because of clerical error made in arriving at a value upon which he agreed that the merchandise should be assessed on liquidation, we make this observation. First, in computing the amount of duty at 45 per centum ad valorem it appears that according to the figures in the brief an error was made. Unless we have miscalculated the amount of duty should have been $.91589. Second, the petitioner could have no relief because of clerical error for the reason that according to decisions he could not prevail on the question of clerical error unless the final appraised value is the same or less than the entered value would be if corrected. *J. E. Bernard & Co.* v. *United States,* T. D. 42525, 52 Treas. Dec. 504, and *M. J. Corbett & Co.* v. *United States,* Abstract 18809. There is no evidence in this record on these matters nor is proof admissible in a petition for remission, where the effect of such evidence is intended to correct the entered value.

Under these decisions the petitioner herein could not have obtained relief under a protest filed in these circumstances.

After all, a petition for remission relates back to the importer's action on entry, not what he does in reappraisement. Does the record in this case show a condition that would warrant relief based upon the facts connected with the entry? The testimony shows that the importer, the petitioner herein, filed with the appraiser his invoices with the customary request for information as to the dutiable value of the instant merchandise. The appraiser answered this and stated that the dyestuff in question was noncompetitive. After appraisement the importer undertook in good faith an appeal to reappraisement which he did not prosecute because of the decision in the test case, but compromised with the Government. It is true he received no information from the appraiser as to the value, undoubtedly because the appraiser had none. Thereafter he computed from the United

States selling price what he believed to be the dutiable value and entered under duress.

It seems that the history of this case discloses good faith on the part of the importer and it is our opinion that he is entitled to relief from the assessment of the additional duties.

The motion of the Government to dismiss this petition because of failure to comply with rule 29 of the rules of this court and of section 489 of the Tariff Act of 1930 was denied and decision on said motion published as Abstract 40459.

Judgment will be rendered accordingly.   It is so ordered.